UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CALVIN CAMPBELL,

        Defendant.

**DECISION AND ORDER**

6:06-CR-06105 EAW

The above-captioned criminal case has a long history.  Defendant Calvin Campbell

("Defendant") was originally charged by an indictment returned on June 20, 2006, with

conspiring to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 846.  (Dkt.

1).  A superseding indictment was returned on January 23, 2007, charging Defendant with

four counts of cocaine and cocaine base distribution in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B) or (C).  (Dkt. 36).  Shortly thereafter, on February 12, 2007, Defendant entered into

a plea agreement with the government and pleaded guilty to count three of the superseding

indictment charging distribution of 5 grams or more of cocaine base.  (Dkt. 40; Dkt. 44).  One

year later—on February 13, 2008—United States District Judge David G. Larimer sentenced

Defendant to 90 months incarceration to be followed by eight years of supervised release.

(Dkt. 43; Dkt. 45).  That conviction represented Defendant's fourth drug conviction—the first

(a felony) occurring in 1995 in state court, the second (a misdemeanor) occurring in 1999 in

state court, and the third (a felony) occurring in 2002 in state court.  (*See* Dkt. 46 at ¶¶ 37-

39). Defendant's parole adjustment for the two prior felony convictions was poor. (*Id*. at ¶¶ 37, 39).

Defendant started serving his supervised release term for the federal court conviction on March 29, 2013, and approximately two years later, on March 27, 2015, a petition was filed alleging that Defendant violated the terms and conditions of supervised release related to a hit and run accident and assault charges involving a 53-year old woman. (Dkt. 65; *see also* Dkt. 70; Dkt. 81; Dkt. 88).[1]  The case was transferred to the undersigned (Dkt. 66), and ultimately Defendant pleaded guilty to violating the terms and conditions of supervised release and on December 3, 2015, the Court sentenced Defendant to 12 months incarceration to be followed by 51 months supervised release. (Dkt. 89; Dkt. 90).

Defendant commenced serving the second term of supervised release on November 4, 2016, and on August 3, 2018, a petition was filed alleging that Defendant violated the terms and conditions of supervised release related to alleged heroin, cocaine and marijuana possession that was packaged for resale. (Dkt. 91).  A hearing was held before the undersigned, and by Decision and Order entered November 30, 2018, it was determined that the government established by a preponderance of the evidence that Defendant violated the terms and conditions of supervised release and was guilty of each of the charged violations in the petition. (Dkt. 101). On December 27, 2018, the Court sentenced Defendant to 54 months incarceration to be followed by five years supervised release.  (Dkt. 106).  Defendant filed a

---

[1]    A petition had been previously filed on August 19, 2014, alleging that Defendant violated the terms and conditions of supervised release, but that petition was dismissed without prejudice. (*See* Dkt. 60; Dkt. 64).

notice of appeal from that sentence (Dkt. 107), but the appeal was ultimately withdrawn (*see* Dkt. 128).

In the meantime, Defendant filed motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for a sentence reduction pursuant to section 404 of the First Step Act of 2018. (Dkt. 118; Dkt. 122; Dkt. 130; Dkt. 133). The Court denied Defendant's motion for compassionate release (Dkt. 127) and also denied Defendant's motion for a sentence reduction under section 404 of the First Step Act (Dkt. 141). As the Court noted in its Decision and Order filed on November 23, 2020, Defendant could potentially seek relief consistent with 18 U.S.C. § 3583(e)(1) to terminate his supervised release term prior to the expiration of the five years imposed by the Court if, contrary to his prior history, his conduct while on supervised release ultimately demonstrated he would lead a law-abiding life. (*Id*. at 15). Defendant filed a notice of appeal from the Court's denial of his motion pursuant to section 404 of the First Step Act (Dkt. 144), and on January 21, 2022, the decision was affirmed by the Second Circuit Court of Appeals (Dkt. 152). While that appeal was pending, Defendant filed another motion for compassionate release (Dkt. 146), which was denied by a Decision and Order entered January 5, 2021 (Dkt. 150).

According to a memorandum from the United States Probation Office ("USPO") dated December 14, 2022, Defendant commenced his current term of supervised release on July 5, 2022.[2] Less than six months later, Defendant filed the pending motion for early termination

---

[2] Defendant arrived at the Volunteers of America residential Reentry Center in Rochester on or about November 23, 2021, and was released on July 5, 2022, at which time his supervised released term commenced.

of supervised release.  (Dkt. 153).  Defendant contends that because he was released from

prison on November 23, 2021, he is eligible for early termination of supervised release.  (Dkt.

153 at 1).  Defendant cites to the positive steps he has taken to support his requested relief.

(*Id*. at 1-3).

The USPO opposes Defendant's request, citing to the short time that he has served on

supervised release and also a urine screen obtained in November 2022, that was positive for

marijuana.  According to the USPO, Defendant signed an admission form indicating that he

used marijuana on November 14, 2022.  The United States Attorney's Office also opposes the

relief requested by Defendant.

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as

follows:

> The court may, after considering the factors set forth in section 3553(a)(1),
> (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a
> term of supervised release and discharge the defendant released at any time after
> the expiration of one year of supervised release, pursuant to the provisions of
> the Federal Rules of Criminal Procedure relating to the modification of
> probation, if it is satisfied that such action is warranted by the conduct of the
> defendant released and the interest of justice. . . .

Thus, pursuant to the express terms of § 3583(e)(1), at least one year of supervised release

must have been served, the applicable factors set forth at 18 U.S.C. § 3553(a) must be

considered, and a court must be satisfied that the early termination is warranted by the conduct

of the defendant and the interest of justice.  "Simply complying with the terms of [supervised

release] . . . and not reoffending does not generally constitute the type of extraordinary

circumstances justifying early termination. . . ."  *United States v. Finkelshtein*, 339 F. Supp.

3d 135, 136 (W.D.N.Y. 2018); *see, e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292

(S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] . . . post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, Defendant has not served the necessary time on supervised release to qualify for an early termination.  Furthermore, even if Defendant had served the requisite one year of supervised release, the circumstances do not justify granting early termination.  Defendant has a significant, repeated history of violating post-incarceration conditions that have been imposed; he has a lengthy history of drug trafficking; and now, despite only being on supervised release for less than six months, he has already violated the terms and conditions of supervised release by using marijuana.   The Court acknowledges the disparities in sentencing as discussed in its Decision and Order entered on November 23, 2020 (Dkt. 141), but based on its consideration of the nature and circumstances of Defendant's offense, his history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from any further crimes that Defendant may commit, the Court concludes that granting Defendant's request for early termination of supervised release would be wholly inappropriate.

The Court stands by its comments in its Decision and Order of November 23, 2020, that ultimately relief may be appropriate under 18 U.S.C. § 3583(e)(1).  (*See* Dkt. 141 at 15). But Defendant needs to demonstrate through his conduct the appropriateness of any such

relief, and it needs to be a consistent demonstration over the course of a period of time far

greater than the less than six months Defendant has served on supervised release.

Accordingly, Defendant's motion for early termination of supervised release is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      December 28, 2022
            Rochester, New York