UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                            **DECISION AND ORDER**

v.

                            6:06-CR-06105 EAW

CALVIN CAMPBELL,

          Defendant.
_____

      Pending before the undersigned is a motion filed by defendant Calvin Campbell ("Defendant") for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). (Dkt. 161).

      This is the third motion for early termination filed by Defendant since his current five-year term of supervised release began just over two years ago. The first motion was denied by Decision and Order entered December 28, 2022, on the grounds that Defendant had not served at least one year of supervised release, the applicable factors set forth at 18 U.S.C. § 3553(a) did not support early termination, and early termination was unwarranted by Defendant's conduct and the interest of justice. (Dkt. 155). The second motion was denied by Decision and Order entered September 5, 2023, on the grounds that Defendant had a significant and repeated history of violating post-incarceration conditions, a lengthy history of drug trafficking, and he had violated the current term of supervised release within six months of its commencement by using marijuana. (Dkt. 160).

      The lengthy background of this case—including Defendant's two separate revocations of supervised release with resulting incarceration—are detailed in the Decision and Order of

- 1 -

December 28, 2022 (Dkt. 155 at 1-4), familiarity with which is assumed for purposes of this Decision and Order.

Defendant again moves for early termination, arguing that he has been rehabilitated. (Dkt. 161). Defendant argues that on September 9, 2020, this Court "made clear on the record that it [would] seriously consider early termination at the one year point if Mr. Campbell made a positive adjustment." (Dkt. 161 at 5). Defendant also contends that his motion is "unopposed." (*Id.*). Defendant argues that consideration of the relevant § 3553(a) factors warrants granting his motion for early termination. (*Id.* at 8-14).

The United States Probation Office ("USPO") has submitted a memorandum in opposition to the pending motion. (Dkt. 163). According to the USPO, Defendant has materially complied with the terms and conditions of supervised release, other than the positive urine screen early on in supervision. (*Id.* at 1). But given Defendant's history and the fact that he has only completed two years of the five-year term of supervised release, the USPO opposes early termination. (*Id.* at 2). The USPO memorandum also states that the United States Attorney's Office opposes early termination. (*Id.*).

18 U.S.C. § 3583(e)(1) states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Defendant has served the necessary time on supervised release to qualify for an early termination. That said, the circumstances do not justify granting early termination. Defendant

has a significant, repeated history of violating post-incarceration conditions and he has a lengthy history of drug trafficking. Defendant contends in his motion that he is rehabilitated and no longer needs supervision, but it appears that he simply recycled the same papers that he submitted a year earlier in support of the same requested relief. (*Cf.* Dkt. 161 *to* Dkt. 156). At that time, the Court found Defendant's arguments vague with no specifics, and the same conclusion holds true today. Similarly, Defendant has again misstated the record by contending that the undersigned stated on September 9, 2020, that it would "seriously consider termination at the one year point" and that the pending motion is unopposed. (Dkt. 161 at 5). As the Court noted in its Decision and Order dated September 5, 2023, Defendant's statements are not accurate. (*See* Dkt. 160 at 3).

Based on Defendant's history, there is a significant risk that Defendant will re-engage in criminal conduct, and the Court believes that the terms and conditions of supervised release and appropriate supervision by the USPO can protect against that risk. As the Court has previously acknowledged, there are certain disparities in sentencing as discussed in its Decision and Order entered on November 23, 2020 (Dkt. 141), but based on its consideration of the nature and circumstances of Defendant's offense, his history and characteristics, as well as the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from any further crimes that Defendant may commit, the Court concludes that granting Defendant's request for early termination of supervised release would be inappropriate and inconsistent with the interest of justice. While the Court is encouraged that Defendant appears to be complying with the terms and conditions of supervised release, it is

far too soon during the term of supervision, particularly under the circumstances of this case, to consider terminating Defendant's term of supervision.

Accordingly, Defendant's motion for early termination of supervised release (Dkt. 161) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     October 24, 2024
           Rochester, New York